

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 15 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| TIFFANY LAY AND ROBERT LAY | PLAINTIFFS |
| VERSUS | CAUSE NO.: 3:19cv188 HTW-LRA |
| UNITED STATES OF AMERICA | DEFENDANT |

## COMPLAINT

COME NOW, the Plaintiffs, Tiffany Lay and Robert Lay, by and through undersigned counsel, and file their Complaint against the Defendant United States of America for negligence and other causes of action, and in support thereof would show the Court as follows, to-wit:

## PARTIES

1. Plaintiff Tiffany Lay is an adult resident citizen of the State of Mississippi.

2. Plaintiff Robert Lay is an adult resident citizen of the State of Mississippi.

3. Defendant United States of America (hereinafter referred to as "USA") is the governmental body responsible for the acts, omissions and other legal fault of agents, representatives, and/or employees of the G.V. (Sonny) Montgomery Veteran's Medical Center (hereinafter referred to as "MVMC") located at 1500 E. Woodrow Wilson Avenue, Jackson, Mississippi. Service of process may be made on the Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, USA is a proper defendant in this action. Plaintiffs, pursuant to the requirements of FTCA, filed their Form 95, Claim for Damage, Injury or Death, and provided said Form to the Chief Counsel for Department of Veterans' Affairs on September 19, 2016. The claim was denied on March 28, 2017. Claimants filed a Request for Reconsideration on April 11, 2017, which was granted on April 17, 2017. Six months as expired since Claimants' Request for

Reconsideration has been granted. Accordingly, all administrative remedies have been exhausted. Thus, Plaintiffs have met the prerequisite for filing suit for damages against Defendant USA under the FTCA.

## JURISDICTION AND VENUE

4. Personal jurisdiction exists over Defendant because Defendant transacts business in the State of Mississippi, caused tortious injury in the course of doing business in the State of Mississippi, and MVMC is located in the State of Mississippi, specifically, in the Northern Division of the United States District Court for the Southern District of Mississippi.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b) and 2671 et seq., because this case involved claims against Defendant USA for money damages as a result of personal injury and consequential damages caused by the negligent or wrongful acts of employee(s) of Defendant USA while acting within the scope of their employment or office.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omission giving rise to Plaintiffs' claims occurred in the Northern Division of the United States District Court for the Southern District of Mississippi.

## FACTS AND CAUSES OF ACTION

7. At all times relevant hereto, MVMC held itself out as being a full-service medical center able to provide proper medical, diagnostic, and other medical services necessary to properly evaluate, diagnose, and treat patients such as Tiffany Lay.

8. At all times relevant hereto, MVMC was owned and operated by Defendant.

9. At all times relevant hereto, Rachel Peery, M.D. (hereinafter referred to as "Dr. Peery") was a licensed physician, employed by Defendant and acting within the course and scope of her employment with Defendant while she rendered care to Tiffany Lay at MVMC.

10. At all times relevant hereto, Fernando Daniels, M.D. (hereinafter referred to as "Dr. Daniels") was a licensed physician, employed by Defendant and acting within the course and scope of his employment with Defendant while he rendered care to Tiffany Lay at MVMC.

11. Defendant, acting through its agents and/or employees, including MVMC, Dr. Peery, Dr. Daniels and others, had a duty to provide reasonable and appropriate medical care to Tiffany Lay in accordance with the applicable standard of care.

12. Tiffany Lay had been presented to MVMC with complaints of low back pain with pain radiating down her left leg.

13. On August 20, 2015, Tiffany Lay underwent an MRI. The MRI revealed a large disc herniation centrally and to the left at L5-S1 level, impinging on the spinal canal and the left nerve root; and severe narrowing of the left intra-vertebral foramen.

14. A referral was written, and a consultation was authorized for Tiffany Lay to consult with a civilian neurosurgeon Eric Amundson, M.D. at Mississippi Baptist Medical Center.

15. On September 23, 2015, Tiffany Lay consulted with Dr. Amundson with complaints of low back pain radiating down the left buttock to her foot with some numbness and tingling at the plantar surface. She did not report any difficulty with bowel or bladder control.

16. Dr. Amundson recommended Tiffany Lay undergo surgery for treatment of her herniated disc at L5-S1. She agreed and surgery was scheduled for November 9, 2015.

17. On September 25, 2018, Tiffany Lay presented to the Emergency Department of MVMC for worsening back pain.

18. Dr. Peery examined Tiffany Lay. Dr. Peery noted that Tiffany Law had a known disc herniation at L5-S1 and presented with complaints of worsening and increasing low back pain radiating down her left leg with insufficient response to pain medication. Tiffany Lay also reported

new symptoms of pain with walking and a loss of urine when coughing or sneezing, but no loss of bowel or bladder function.

19. Dr. Peery conducted a physical examination which revealed numbness on the upper left leg, motor 5/5, and deep tendon reflexes 1+/bilaterally.

20. Dr. Peery noted an impression of herniated lumbar disc. Dr. Peery prescribed oxycodone, Medrol dose pack and alternating ice/heat to Tiffany Lay and discharged her home with instructions to come back as needed.

21. Despite Tiffany Lay's complaints of new symptoms and Tiffany Lay's known medical history of a herniated disc at L5-S1, no radiographic studies were ordered prior to Tiffany Lay's discharge, and no neurology consultation was requested.

22. Tiffany Lay's symptoms continued to increase throughout September 26, 2015 and into September 27, 2015.

23. Tiffany Lay returned to the Emergency Room at GVMC on September 27, 2015, at approximately 1:24 p.m. and came under the care of Dr. Daniels. She relayed complaints of increasing low back pain, incontinence, and numbness in her upper left leg, numbness and paresis to perineal area with new onset incontinence, and 9 out of 10 scale pain.

24. On September 27, 2015, at approximately 6:24 p.m., Dr. Daniels contacted the Emergency Room at Mississippi Baptist Medical Center ("MBMC") and spoke with Scott Johnson, M.D. regarding Tiffany Lay's condition.

25. Due to Tiffany lay's new and worsening symptoms in the presence of a known herniated disc at L5-S1, the decision was made to transfer her MBMC for surgical intervention and treatment of Cauda Equina Syndrome.

26. Tiffany Lay was finally transferred to MBMC and admitted at 9:53 p.m. to the care of Edward T. Cullom, III, M.D. (hereinafter referred to as "Dr. Cullom").

27. Tiffany Lay underwent MRI of the lumbar spine without contrast which revealed "at L5-S1 there is a large left paracentral/subarticular disc extrusion with a large sequestered fragment extending inferiorly with resultant severe spinal canal and left lateral recess stenosis."

28. On September 27, 2015, Tiffany law underwent L5-S1 microlaminectomy and diskecomy by Dr. Cullom.

29. In his Operative Report, Dr. Cullom noted that on the MRI taken pre-operatively, Tiffany Lay had a massive disk herination at L5-S1 with a big caudal fragment, which was larger than the fragment in the scan she had before, he referred to her August 20, 2015 MRI results.

30. Tiffany Lay remained hospitalized and was discharged on September 30, 2015.

31. Tiffany Lay sustained permanent nerve damage resulting in pain, numbness and weakness in her left leg; peroneal and perirectal numbness, and neurogenic bladder.

32. Tiffany Lay continues to receive medical treatment for her ongoing nerve injury, including implantation of bladder stimulator, therapy, medical treatment and prescription medications.

33. As a direct result of the negligence of Defendant, acting through its agents and/or employees including Dr. Peery, Dr. Daniels, and other health care providers at MVMC, Tiffany Lay has suffered serious, permanent and debilitating injury, physical and emotional pain and suffering, and past and future pecuniary loss.

## MEDICAL NEGLIGENCE

34. Plaintiffs incorporate the substance of the foregoing factual allegations as if fully set forth herein.

35. The medical personnel at MVMC, including but not limited to Dr. Peery, Dr. Daniels, and other health care providers at MVMC were agents and/or employees of Defendant operating within the scope of their employment when they rendered care and treatment to Tiffany Lay.

36. The medical personnel at MVMC, including but not limited to Dr. Peery, Dr. Daniels, and other health care providers at MVMC, had a duty to provide that degree of care and skill exercised by a reasonable and prudent Health Care Provider in the same or similar circumstances during their treatment of Tiffany Lay.

37. The treatment rendered to Tiffany Lay by medical personnel at MVMC, including but not limited to Dr. Peery, Dr. Daniels, and other health care providers at MVMC, breached the standard of care and was negligent, by among others, failing to properly evaluate Tiffany Lay on September 25, 2015; failing to properly diagnose Tiffany Lay's cauda equine syndrome on September 25, 2015; failing to perform a proper and complete neurological examination on September 25, 2015; failing to order an MRI on September 25, 2015; failing to timely and properly respond to Tiffany Lay's new symptoms on September 25, 2015; failing to timely respond to Tiffany Lay's new symptoms on September 27, 2015; failing to promptly transfer Tiffany Lay on September 27, 2015; failing to take steps to prevent injury to Tiffany Lay; and by otherwise failing to meet the standard of care in its treatment of Tiffany Lay.

38. As a direct result of the negligence of medical personnel at MVMC, including but not limited to Dr. Peery, Dr. Daniels, and other health care providers at MVMC, Tiffany Lay sustained a serious, permanent and debilitating injury, extreme physical and emotional pain and suffered, and pecuniary loss.

## **LOSS OF CONSORTIUM**

39. Plaintiffs incorporate the substance of the foregoing factual allegations as if fully set forth herein.

40. At all material times hereto, Robert Lay was and is the husband of Tiffany Lay.

41. As a direct and proximate result of the negligence and other causes of action against Defendant, Robert Lay has suffered the loss of his wife's consortium, including the loss of her companionship, services, society, physical assistance and attention, and will suffer such losses in the future.

42. Robert Lay is entitled to be compensated for these damages.

## DAMAGES

43. Plaintiffs incorporate the substance of the foregoing factual allegations as if fully set forth herein.

44. But for Defendant's negligence and other causes of action described in each of the preceding paragraphs, Plaintiffs would not have suffered the injuries and damages complained herein. The negligent and other outlined conduct of Defendant discussed herein above, was the proximate and/or contributing cause of the injuries and damages suffered by Plaintiffs.

45. As a direct and proximate result of the negligence and other conduct of Defendant, as set forth above, Plaintiffs sustained and suffered numerous injuries and damages. Plaintiff Tiffany Lay received medical treatment for her injuries sustained in connection with Defendant's negligence and breach of the standard of care and incurred reasonable and necessary medical expenses. In addition to the medical expenses incurred or to be incurred in the future, Plaintiff Tiffany Lay has endured and will continue to endure extreme pain and suffering, as well as emotional and mental anguish. Plaintiff Robert Lay suffered the loss of his wife's consortium.

46. Plaintiffs sustained and suffered numerous injuries and damages, including but not limited to (a) Serious injuries; (b) Pain and suffering; (c) Medical treatment and expenses; (d) Future medical treatment and expenses; (e) Lost wages; (f) Loss of wage-earning capacity; (g) Emotional and mental anguish; (h) Consequential damages; and (i) Loss of enjoyment of life.

47. As a direct and proximate result of Defendant's negligence, as set forth in the preceding paragraphs, Plaintiffs are entitled to and demand from Defendant the following damages: (a) Any and all damages set forth in the preceding paragraphs; (b) Actual damages; (c) Compensatory damages; (d) Consequential damages; (e) Pre-judgment interest in the amount allowed by law, but not less than 8% per annum; (f) Post-judgment interest in the amount allowed by law, but not less than 8% per annum; and (g) Any and all additional damages allowed by this Honorable Court.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Complaint be received and filed, and that Defendant be summoned to answer this Complaint and further that upon a trial of this cause, judgment be entered against Defendant for any and all actual, compensatory and consequential damages to which Plaintiffs are entitled. Plaintiffs further pray that they be rewarded pre-judgment interest and post-judgment interest in an amount of 8% per annum and/or such other amount as is determined by this Court; fees and costs, including attorney's fees; and such other general relief to which they are entitled.

Respectfully submitted, this the 15th day of March, 2019.

TIFFANY LAY
ROBERT LAY, Plaintiffs

By: _____
CORBAN GUNN, (MSB #101752)

Corban Gunn, (MSB #101752)
CORBAN GUNN, PLLC
P.O. Box 1466
Biloxi, Mississippi 39533
Telephone: (228) 284-6805
Facsimile: (228) 284-6806
corban@corbangunn.com

## CERTIFICATE OF COMPLIANCE

COMES NOW, the undersigned counsel, and in accordance with Miss. Code Ann. § 11-1-58, and states that the undersigned attorney has reviewed the facts and has consulted with an expert who is qualified to give expert testimony as to the standard of care or negligence, and whom the undersigned attorney believes is knowledgeable of the relevant issues and facts involved in this action. The undersigned attorney has concluded that on the basis of such review and consultation there is a reasonable basis for commencement of this action.

Respectfully submitted, this the 15th day of March, 2019.

_____
CORBAN GUNN, (MSB #101752)